IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DONALD ANDREWS                                                                                    PLAINTIFF

v.                                            Case No. 5:16-CV-05014

NURSE TYRANNY RAY; DR. ROBERTO
SAEZ; DEPUTY WILKINS (or deWilkins);
DEPUTY FLORES;  DEPUTY HOBBLEMAN;
DEPUTY HALE; DEPUTY TRIMBLE;
DEPUTY POWELL;  LIEUTENANT DARNER;
LIEUTENANT MARTINEZ; NURSE PATRICIA DAVIS;
NURSE PATRICIA STAYTON; LIEUTENANT HOLT;
and OFFICER FALKSNER                                                                          DEFENDANTS

**OPINION AND ORDER**

This is a civil rights action filed by the Plaintiff Donald Andrews pursuant to 42 U.S.C. § 1983.  Plaintiff proceeds pro se and in forma pauperis.  At the times relevant to this complaint, he was incarcerated in the Benton County Detention Center (BCDC).

Currently before the Court is the partial motion to dismiss (Doc. 13) filed by Medical Defendants, Nurse Tyranny Ray, Nurse Patricia Davis, Nurse Patricia Stayton, and Dr. Roberto Saez, all employees of Southern Health Partners, Inc. (SHP).  Plaintiff has not responded to the motion.

**I.     Background**

According to the allegations of the complaint, prior to his incarceration, Plaintiff had a history of having broken his back in four places, had spinal stenosis, bulging, ruptured, and herniated discs, a compromised immune system due to the loss of his spleen and appendix, pulmonary embolisms, deep vein thrombosis, broken shoulder, broken and surgically repaired collar bone, and had been on pain management since 2005.  Plaintiff also indicated that all his

teeth were broken out except one top tooth and he had a difficult time eating. Within the last two and one half years, Plaintiff alleges he had pneumonia, septic pneumonia, and was hospitalized four times for lung disorders.

Plaintiff requested a medical mattress because the cold metal bunk caused him pain. He also indicates that because of his medical problems, he should have been assigned to a downstairs cell and a bottom bunk so he would not hurt himself jumping up and down. He also requested a visit to the dentist and a vegetarian soft diet. These requests were refused. He asked to be housed in the medical pod due to his history of pulmonary embolisms and deep vein thrombosis. Plaintiff alleges he was told that medical mattresses were only issued to those inmates who had spinal surgery within three weeks of their incarceration.

He was moved out of the medical pod and into E pod, which Plaintiff alleges is the sex offender pod. According to Plaintiff, there are inmates in E pod who have HIV, AIDS, and Hepatitis C. Plaintiff alleges they all use the same showers, clippers, water fountains, toilets, and sink. Because of his compromised immune system, Plaintiff states this puts him in danger.

Plaintiff further alleges that his dressing was taken off and not replaced.[1] Plaintiff alleges this left him with open wounds that he could only cover with a filthy blanket. Plaintiff was assigned to a bottom bunk. However, he alleges it was later taken away in retaliation.

Plaintiff maintains the medical defendants failed to provide him adequate medical care.

With respect to Lieutenant Holt, Plaintiff maintains Holt had thrown away Plaintiff's grievances and shut off his access to the kiosk. Plaintiff also alleges Holt had told several officers not to allow Plaintiff to file any more grievances.

With respect to Lieutenant Martinez, Plaintiff alleges he responded to Plaintiff's request

---

[1]It is not clear from the complaint what injury Plaintiff had that required dressings.

for a grievance form by stating that they did not have forms and it was all on the kiosk. Martinez called Plaintiff out of the pod and told Plaintiff to stop filing grievances or he would regret his stay in the the jail.

Plaintiff maintains that Officer Trimble sprayed Plaintiff's food, cups, and fork with a cleaner with bleach in it. Plaintiff asserts that Trimble said he was doing this pursuant to jail policy.

With respect to Officer Wilkins, Plaintiff alleges that immediately after he informed Wilkins that he practiced Islam, Wilkins began to discriminate against him. Specifically, Plaintiff alleges Wilkins called him names, said to "screw Allah," and said he would like to kill all Muslims and anyone who is not Christian.

With respect to Officer Falksner, Plaintiff alleges he moved Plaintiff to the floor in B-pod which had blood, fecal matter, saliva, and general filth on it. Plaintiff indicates Falksner put his life in grave danger and exposed Plaintiff to various diseases and infections. Plaintiff indicates he remained in B pod for a single day.

With respect to Officer Hale, Plaintiff contends Hale used other inmates to intimidate him, verbally and physically to attack him, and spit on his clothes, food, and belongings.

As relief, Plaintiff asks that his medications be checked and his blood tested for clots, HIV, AIDS, and Hepatitis. He also wants monetary damages for pain and suffering.

## II.  Applicable Standard

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is

plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Braden*, 588 F.3d at 594 (*quoting Iqbal*, 556 U.S. at 678). The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (While pro se complaints are liberally construed, they must allege sufficient facts to support the claims.).

### III.　Discussion

The medical Defendants maintain they are entitled to the dismissal of the official capacity claims because Plaintiff has not alleged facts sufficient to assert a plausible claim that an official institutional policy or custom reflected deliberate indifference to his serious medical needs.

Official capacity claims are "functionally equivalent to a suit against the employing governmental [or institutional] entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). In this case, Benton County has contracted with SHP to provide healthcare to County prisoners. For this reason, the official capacity claims are treated as claims against SHP. *See Murray v. Lene*, 595 F.3d 868, 873 (8th Cir. 2010).

A Plaintiff "seeking to impose liability on a municipality [or institution] under § 1983 [must] identify [an unconstitutional] policy or custom that caused the plaintiff's injury." *Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 403 (1997). "There are two basic circumstances under which municipal [or institutional] liability will attach: (1) where a particular [institutional] policy or custom itself violates federal law, or directs an employee to do

so; and (2) where a facially lawful [institutional] policy or custom was adopted with 'deliberate indifference' to its known or obvious consequences." *Moyle v. Anderson*, 571 F.3d 814, 817-18 (8th Cir. 2009) (citation omitted).

Plaintiff has not alleged a plausible "policy" claim. In short, he has not pointed to "any officially accepted guiding principle or procedure that was constitutionally inadequate." *Jenkins v. County of Hennepin*, 557 F.3d 628, 633 (8th Cir. 2009). Merely alleging a denial of adequate medical treatment is insufficient. Plaintiff has not pointed to a "deliberate choice of a guiding principle or procedure made by the institution's official who has final authority in such matters." *Id*.

"[A] custom can be shown only by adducing evidence of a continuing, widespread, persistent pattern of unconstitutional misconduct." *Id*. at 634 (internal quotation marks and citation omitted). Plaintiff has not asserted facts sufficient to state a plausible claim that there was any widespread, persistent pattern of unconstitutional conduct. The official capacity claims should be dismissed.

**IV.  Conclusion**

IT IS THEREFORE ORDERED that the medical Defendants' partial motion to dismiss (Doc. 13) is GRANTED and the official capacity claims against the medical Defendants are hereby DISMISSED WITHOUT PREJUDICE. The individual capacity claims against medical Defendants remain for later consideration.

IT IS SO ORDERED this 28th day of September, 2016.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE